IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DASHON HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-676-MN |
| ) | |
| CHASE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dashon Hines ("Plaintiff") filed this action on June 5, 2024, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons which follow, the court recommends the complaint be DISMISSED WITHOUT PREJUDICE, with leave to amend.

## I. BACKGROUND

Plaintiff, a resident of New York, alleges that Chase violated the Fair Credit Reporting Act and the Equal Credit Opportunity Act by denying his application for a credit card. Attached to the complaint is a letter to Plaintiff from Chase dated May 26, 2024, which states that Plaintiff's credit card application was denied based on a review of his credit report, which revealed: (1) a derogatory public record or collection item; (2) balances on revolving accounts that were too high compared to Plaintiff's credit limits; (3) the time since delinquency was too recent or unknown; and (4) the proportion of Plaintiff's loan balances to his loan amounts was too high. (D.I. 2, Ex. 1)

The letter provides notices under the Fair Credit Reporting Act and the Equal Credit Opportunity Act. Plaintiff was informed of his right to dispute the information in his credit report with the reporting agency under the Fair Credit Reporting Act. The Equal Credit Opportunity Act notice informs Plaintiff that a creditor is prohibited from discriminating against an applicant on the basis of race, color, religion, national origin, sex, marital status, or age.

Plaintiff also attaches a letter from Capital One denying his application for auto financing. Capital One is not named as a defendant in this action.

Plaintiff attaches two emails to the complaint. One is an email from United Airlines providing Plaintiff with his requested MileagePlus® number. The other is an email from the recruitment department of United Airlines providing him with a link to complete an online assessment for employment.

Plaintiff seeks compensatory and punitive damages.

## II.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

### A. The Fair Credit Reporting Act

The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The Act imposes certain duties on both consumer reporting agencies and those who furnish information to such agencies. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Claims against a furnisher of information can only be brought under 15 U.S.C. § 1681s–2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). The Third Circuit explains the prerequisites that must be fulfilled before an individual may bring suit against a furnisher of information as follows:

4

> [A] consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s–2(b).

*Id.* at 359.

The allegations here do not contain sufficient factual information to state a claim. The complaint does not plausibly allege that Chase is either a consumer reporting agency or a furnisher of information to such an agency. There is no indication that Plaintiff filed a dispute with the relevant consumer reporting agency prior to commencing this action. Therefore, I recommend that the court dismiss the Fair Credit Reporting Act claims without prejudice.

### B. The Equal Credit Opportunity Act

The Equal Credit Opportunity Act, 15 U.S.C. § 1691, provides in part that:

It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
(2) because all or part of the applicant's income derives from any public assistance program; or
(3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a).

The complaint contains no well-pleaded facts showing that Plaintiff falls within the narrow and specific classes of persons entitled to assert rights under Section 1691(a). There is no factually supported allegation that Plaintiff was denied credit due to his race, color, religion, national origin, sex or marital status, or age. The complaint does not articulate any facts to support a claim based on Plaintiff's participation in any public assistance program or his good faith exercise of any right afforded to him under federal law. Moreover, the attachments to the

5

complaint disclose a list of four economic-based, nondiscriminatory reasons why Plaintiff's request for credit was denied, and the averments in the complaint do not challenge the truth of those representations by Chase. Consequently, I recommend that the court dismiss without prejudice Plaintiff's cause of action under the Equal Credit Opportunity Act.

## IV.   CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.   The Report and Recommendation issued on April 4, 2025 is **ADOPTED**.

2.   The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

3.   Plaintiff is granted leave until on or before _____, 2025 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 4, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE